### COMMONWEALTH *vs.* ISAAC H. HUDSON.

The *St.* of 1858, c. 45, § 2, providing that justices of the peace shall " have jurisdiction of all offences which may be punished by a fine not exceeding fifty dollars or imprisonment not exceeding six months, or both," does not take away the jurisdiction of the court of common pleas.

A witness called by the Commonwealth on a criminal trial cannot, upon being recalled by the defendant, be cross-examined by the district attorney upon his testimony before the grand jury.

INDICTMENT on *St.* 1855, c. 215, §§ 15, 17, for unlawfully selling intoxicating liquors in January 1857.

At the trial in the court of common pleas in Hampden, a witness for the Commonwealth testified that he drank intoxicating liquor but once in the defendant's shop in 1857, and that Abraham Lewis delivered it to him. The defendant, while putting in his defence, recalled the same witness, and examined him only in reference to certain threats made in his presence and hearing against the defendant by another witness for the

Commonwealth, and to a debt from him to the defendant. The district attorney, on cross-examination, among other things in regard to the origin of this debt, and whether it was for liquor, put this question : " Did you not testify before the grand jury that you bought intoxicating liquor two or three times of Lewis in the defendant's shop ? " The defendant objected that it was incompetent to inquire what the witness had testified to before the grand jury ; but the court overruled the objection, and the witness answered that he did so testify.

The defendant, being convicted, alleged exceptions, and also moved in arrest of judgment, because the court in which the indictment was found had not jurisdiction of the offence alleged in the indictment.

*W. G. Bates & M. B. Whitney*, for the defendant, cited, to the motion in arrest of judgment, *St*. 1858, *c.* 45 ; *Hale* v. *State*, 15 Conn. 242 ; and to the irregularity of the cross-examination, 1 Greenl. Ev. §§ 442, 447 ; *Jackson* v. *Varick*, 7 Cow. 242 ; *Beal* v. *Nichols*, 2 Gray, 262 ; *Commonwealth* v. *Welsh*, 4 Gray, 535 ; *The Lochlibo*, 1 Eng. Law & Eq. 645.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

SHAW, C. J. 1. The question raised by the motion in arrest of judgment is, whether the court of common pleas has jurisdiction of this case at this time. By the *St*. of 1858, *c.* 45, § 1, the police courts in the several counties " shall have concurrent jurisdiction, with the court of common pleas and municipal court of the city of Boston," of all offences which may be punished by a fine not exceeding one hundred dollars, or imprisonment not exceeding one year, or both. By § 2 of the same statute, " the several justices of the peace authorized to hear and determine criminal cases shall within their several counties have jurisdiction" of all offences which may be punished by fine not exceeding fifty dollars, or imprisonment not exceeding six months, or both. It is contended that the word " concurrent " being omitted in § 2, justices of the peace have exclusive jurisdiction. It is immaterial whether it was omitted by amendment or not. Taking the language of the statute as it is, what is the effect of this section ? Before this statute the

court of common pleas had jurisdiction over this subject matter. Is that jurisdiction taken away? It is no answer to say that another tribunal has jurisdiction; for that is very common. It is in such case concurrent jurisdiction, whether so called in the statute or not. Then is the jurisdiction of the court of common pleas, which it had before, taken away? There must be words of limitation to take it away, either by using the word " exclusive," or by repealing the former act giving jurisdiction, by which it may appear that the legislature meant not only to confer jurisdiction on justices of the peace, but also to take away the other jurisdiction. Here are no words indicating that it should be exclusive, nor repealing any specific statute. There is in § 4 a clause repealing all acts or parts of acts inconsistent with the provisions of this act; but that is no more than would have been the effect without it. If the legislature has passed an act which is inconsistent with a prior law, it does repeal it   We do not mean to say that it is not well to enact such a provision. One great purpose of legislation is not merely to establish law, but to establish it so clearly that there shall be no doubt about it, and, as litigation itself is an evil, therefore to use such clearness of language as shall avoid litigation or doubt. For myself, I have no hesitation in saying that, had the word " concurrent " been omitted in the first section, the construction would have been the same. Taking the reason of the thing, apart from the words, the statute contemplates police courts as of a somewhat higher character than justices of the peace. Could it have intended to say that the jurisdiction of a justice of the peace should be exclusive, when the higher jurisdiction of a police court was not so? We are of opinion that the *St.* of 1858 gave a concurrent jurisdiction only to justices of the peace, and did not oust the jurisdiction of the court of common pleas by indictment.

2. Another question is of great importance in practice. The district attorney called a witness, and thereby undertook that, so far as he knew, he was entitled to credit, and held him up to the court and jury as a credible witness. Can he afterwards impeach him? Sometimes the attorney may be disappointed. The witness may even have told him that he would testify that

way, and courts in such case are inclined to allow him to dis-
parage the witness, but the general rule is that he must not.
Here the district attorney must have known that he testified be-
fore the grand jury; but we do not put it on that ground. The
attempt is not to prove the fact which he testified to before the
grand jury. It can only be to disparage him by showing that
he testified differently. The whole course of practice is other-
wise in this commonwealth. A witness, when called by one
party, is liable to be examined and bound to answer as to
all facts material to the case, whether examined upon that sub-
ject by the party calling him or not. It is said the defendant,
by calling the witness again, makes him his own witness to all
purposes. He does to some purposes; it would be very difficult
to determine what. But the party who first called him cannot
be allowed to say or to show that he was unworthy of credit.

*Exceptions sustained.*